UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGG GARLOCK, | ) | CASE NO.1:13CV2200 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| THE OHIO BELL TELEPHONE CO. | ) | OPINION AND ORDER |
| INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Gregg Garlock's Motion for Partial Summary Judgment (ECF # 37). For the following reasons, the Court denies Plaintiff's Motion.

**Procedural History**

On October 4, 2013, Plaintiff Gregg Garlock filed his Complaint with this Court alleging Family Medical Leave Act ("FMLA") Interference and Retaliation claims, Disability Discrimination under Ohio and federal law and Denial of Reasonable Accommodation claims under Ohio and federal law. On November 13, 2013, Plaintiff filed a First Amended Complaint removing a number of AT & T related entities and adding a new Defendant, AT &

T, Inc.  AT & T, Inc. was subsequently dismissed out of the case for lack of personal jurisdiction.  Plaintiff now moves for Partial Summary Judgment on his Denial of Reasonable Accommodation claim.

**Background Facts**

According to Plaintiff's First Amended Complaint, Plaintiff was hired by Defendants in 2003 as a Customer Service Specialist.  He held this position until 2010 when he became a U-Verse Premise Technician, often working sixty hours a week.  Sometime in 2011, Plaintiff began to experience panic attacks brought on by stress.  In April 2011, he was diagnosed with anxiety disorder and in June 2011 he was diagnosed with panic disorder.  Based on the recommendation of his treating professionals, Plaintiff alleges he requested intermittent FMLA leave and accommodation in the form of forty hour work weeks and eight hour work days.  Plaintiff alleges his request for reduced hours was denied.

As part of his treatment, Plaintiff's treating healthcare provider instructed Plaintiff to engage in whatever activity reduced his stress while on FMLA leave in order to prevent panic level anxiety.  Plaintiff plays drums in a band and finds it helps reduce his stress levels.  While on FMLA leave, Plaintiff played drums with his band.  Plaintiff took FMLA leave during the months of June through October 2011.  In October 2011, Plaintiff learned Defendants investigated his FMLA leave.  Having discovered Plaintiff was playing in his band while out on FMLA leave, Defendants suspended Plaintiff in November 2011.  Defendants held a hearing on Plaintiff's FMLA leave activities on November 23, 2011.  After the hearing, Plaintiff was suspended for ten days without pay and was forced to sign a Back to Work agreement.  In February 2012, Plaintiff was fired for entering boilerplate emails for

customers.  According to Plaintiff, this was pretextual since other employees, including Plaintiff, had made these types of entries in the past and were not reprimanded.

**Plaintiff's Motion for Partial Summary Judgment**

Plaintiff moves for Partial Summary Judgment on his Denial of Reasonable Accommodation claims brought under the ADA and Ohio law.  According to Plaintiff, after he was diagnosed with panic and anxiety disorders he approached his supervisors Michael Caine and Pierre Williams to discuss needing time off due to his health condition.  Caine gave Plaintiff FMLA forms to be completed by Plaintiff's treating healthcare provider.  During the discussion, Plaintiff informed Caine that Plaintiff suffered from stress and anxiety.   Despite being informed by Plaintiff that he suffered from these health conditions, Caine never asked Plaintiff about what accommodations Plaintiff might need.  Plaintiff later provided a written statement to Ohio Bell describing his panic attacks as debilitating.  The statement was given to Plaintiff's area manager, Jerry Reed, in November of 2011.  On July 2, 2011, Plaintiff called in to request FMLA leave for the weekend.  Plaintiff spoke to another supervisor, Pierre Williams who, knowing that Plaintiff played in a band, suspected Plaintiff was doing something improper and discovered Plaintiff's band was scheduled to perform that weekend. Williams never spoke to Plaintiff about an accommodation.

Plaintiff further contends his treating healthcare provider, Dr. Laura DeHelian, informed Defendant on four separate occasions that Plaintiff could only work eight hours a day and no more than forty hours a week, yet Defendants ignored the information and failed to provide a reasonable accommodation.

Defendant opposes Plaintiff's Motion, contending that Plaintiff has failed to offer

evidence of a disability under the ADA and has failed to demonstrate that he requested an accommodation, other than intermittent FMLA leave, which he was given.

## Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.  This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404-06 (6th Cir. 1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d

386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a). The statute defines "discriminate" to include "not making reasonable accommodation to the known physical ... limitations of an otherwise qualified individual with a disability" unless the employer "can demonstrate that the accommodation would impose an undue hardship." *Id.* § 12112(b)(5)(A). An "otherwise qualified individual" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8). *See also Rorrer v. City of Stow* 743 F.3d 1025, 1038 (6th Cir. 2014).

A Plaintiff asserting a claim under the ADA may establish discrimination either by direct or indirect evidence. In a failure to provide reasonable accommodation claim, "failing to make a reasonable accommodation falls within the ADA's definition of "discrimination." Accordingly, claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate) of discrimination." *Kleiber v. Honda of America Mfg., Inc*. 485 F.3d 862, 868 (6th Cir. 2007). "In order to establish a *prima facie* case of disability discrimination under the ADA for failure to accommodate, [plaintiff] must show that: (1) he is disabled within the meaning of the Act; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) his employer knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the employer failed to provide the necessary accommodation." *Melange v. City of Center Line* 482 Fed.Appx. 81, 84 (6th Cir. 2012) citing *Johnson v. Cleveland City Sch. Dist.*, 443 Fed.Appx. 974, 982–83 (6th Cir. 2011).

A claim for failure to provide reasonable accommodation under Ohio law is analyzed similarly to a claim brought under the ADA.  *Rhoads v. Board of Educ. of Mad River Local School Dist*. 103 Fed.Appx. 888, 891  (6th Cir. 2004) ("As a general matter, Ohio courts look to federal regulations and case law interpreting the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101—12203, for guidance when applying Ohio disability discrimination laws.") citing *City of Columbus Civil Serv. Comm'n v. McGlone,* 82 Ohio St.3d 569, 697 N.E.2d 204, 206–07 (1998).

Here, Plaintiff contends he is disabled under the ADA based on his diagnoses of anxiety and panic disorder by Dr. Laura DeHelian, a Board Certified psychiatric mental health clinical nurse specialist.  The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;  (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))."  It further defines "major life activity" to include: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  Major life activity may also include " the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions."  42 U.S.C.A. § 12102(1) and (2).

In 2008, Congress amended the ADA to "broaden the definition of 'disability.'" *Donald v. Sybra, Inc.* 667 F.3d 757, 764 (6th Cir. 2012).  The Amendment contains certain rules of construction which include the requirements that the term 'disability'

> "shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.  The term "substantially limits" shall be interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008.  An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.   An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.   The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as-- ...
>
> (III) reasonable accommodations or auxiliary aids or services..."

42 U.S.C. § 12102(4).

The EEOC Regulations provide that an impairment is a disability if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii).

Plaintiff argues that his disability substantially limits his ability to work and think.  In support of this argument Plaintiff offers the deposition of Dr. DeHalian wherein she states that Plaintiff was mentally incapable of working overtime without suffering "panic attacks, nightmares, insomnia, sense of impending doom and feeling overwhelmed." (DeHalian depo. Pgs. 82-83).  In his statement to Defendants Review Board, Plaintiff stated that his anxiety was "debilitating" and prevented him from "functioning normally."  (Garlock Statement (ECF 36-1).

Defendants contend Plaintiff's anxiety and panic disorders did not limit a major life activity.  Defendants argue that Plaintiff's work history does not support his contention he suffers from a disability under the ADA as he was undisputedly able to work full time for a number of years. Defendants further cite to the Sixth Circuit's holding in *Cotter v. Ajilon Services, Inc.* 287 F.3d 593, 598 (6th Cir. 2002)(reversed on other grounds), wherein the

Court held " ...an inability to work overtime is not a substantial limitation on the ability to work." Defendants cite to a number of cases within this circuit that reached the same conclusion. *Linser v. Dep't of Mental Health*, 2000 U.S. App. LEXIS 25644 (6th Cir. Oct. 6, 2000); *Mays v. Am. Elec. Power*, 2010 U.S. Dist. LEXIS 96369, *18-19 (S.D. Ohio Sept. 15, 2010); *Eibest v. Planned Parenthood*, 94 F. Supp. 2d 873, 877-878 (N.D. Ohio 2000). All stand for the proposition that an employee who is able to work full time is not substantially limited under the ADA in the major life activity of working.

Plaintiff contends these cases predate the ADAAA which broadened the definition of disabled. Based on the Amendment, Plaintiff contends pre-amendment cases, holding that an inability to work overtime is not a disability, are outdated.

In May 24, 2011, the regulations arising out of the ADAAA took effect and eliminated the following language:

With respect to the major life activity of working—

(i) the term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i) (2010).

The Interpretive Guidance to Part 1630, which accompanied the revised regulations, explains that 1630.2(j)(3)(i) was eliminated because "no other major life activity receives special attention in the regulation, and with the fact that, in light of the expanded definition of disability established by the Amendments Act, this major life activity will be used only in very targeted situations." "*Substantially Limited in Working,*" Appendix to Part

8

*1630—Interpretive Guidance on Title I of the Americans With Disabilities Act,* 29 C.F.R. Pt. 1630, App. The EEOC recognized that typically a person with a disability that impairs his or her work also impairs other major life activities that the Amendment added to expand coverage, making it easier for an individual to show a disability by demonstrating a major life activity was impaired. However, the "broad class of jobs" restriction remains in place even after the amendment to the regulations because:

> In the rare cases where an individual has a need to demonstrate that an impairment substantially limits him or her in working, the individual can do so by showing that the impairment substantially limits his or her ability to perform a class of jobs or broad range of jobs in various classes as compared to most people having comparable training, skills, and abilities.

*Id*

Thus, "demonstrating a substantial limitation in performing the unique aspects of a single specific job is not sufficient to establish that a person is substantially limited in the major life activity of working." *Id*. "Therefore, even under the broadened ADAAA language," a plaintiff claiming a disability due to a substantial impairment to his ability to work "still must show that her impairment substantially limits her ability to perform a class of jobs or a broad range of jobs in various classes as compared to most people having comparable training, skills, and abilities." *Azzam v. Baptist Healthcare Affiliates, Inc.* 855 F.Supp.2d 653, 660 (W.D. Ky.,2012).

Here, it is undisputed Plaintiff was able to work full time. Plaintiff offers no evidence that his panic and/or anxiety disorders impaired his ability to work a forty hour week. Rather, Dr. DeHalian determined he should not work above a forty hour week. Plaintiff offers no evidence he could not perform work across a broad class of jobs, including his job with

9

Defendants.  The only evidence he cites in his Motion merely supports a showing that he could not work overtime.  Under prevailing Sixth Circuit precedent, this is insufficient to show he is disabled due to an substantial impairment of his ability to work , the ADAAA amendment not withstanding.[1]

Furthermore, Plaintiff has failed to show he is entitled to summary judgment on his ADA claim because he was disabled  due to a substantial impairment of his ability to think.  Construing all facts and evidence in favor of the non-movant, Plaintiff's sole evidence is his statement to the Board of Review that his condition is "debilitating" and that he has trouble "functioning normally."  Such self-serving testimony, absent supporting medical evidence, is insufficient to show Plaintiff is entitled to summary judgment.  See *Rhoads*,103 Fed.Appx. at 893, ("A plaintiff cannot prove that her drug use amounts to a disabling addiction merely by providing self-serving, conclusory statements that her drug use substantially limits her ability to perform a major life activity.").   The limited portion of Dr. DeHalian's deposition cited by Plaintiff in support of his Motion does not substantiate his argument that he was substantially impaired in his ability to think, sufficient to show he was disabled under the ADA.  Dr. DeHalian's testimony was limited to finding Plaintiff was mentally incapable of working overtime.

> Q. And from your point of view, Doctor, was it medically beneficial that he not work any overtime or was he physically incapable or mentally incapable of working overtime?
>
> A. He was mentally incapable of working overtime without having symptoms

---

[1] Garlock does not argue that his employer regarded him as disabled.

that he presented with.

Q. And what symptoms were those?

A.  Frequent panic attacks, nightmares, insomnia, sense of impending doom, feeling overwhelmed.

(DeHalian depo. Pgs 80-81).

Thus, in the absence of supporting medical evidence, Plaintiff has not shown he is entitled to summary judgment on his reasonable accommodation claims under ADA and Ohio law.  Therefore, the Court denies Plaintiff's Motion for Summary Judgment on these claims as there are genuine issues of material fact precluding summary judgment.

IT IS SO ORDERED.

        s/ Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        United States District Judge

Dated:  September 29, 2015